# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHARLES E. FRANKLIN, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO. 13-CV-774-WDS |
| | ) | |
| **NATHAN ROWLAND, GERALD OWENS, DEPARTMENT OF ADMINISTRATIVE HEARINGS,** | ) ) ) | |
| | ) | |
| **Defendants.** | | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to proceed in forma pauperis (Doc. 2). Upon review of the record, the Court **FINDS** plaintiff's pauper status to be persuasive but **FINDS** that his complaint appears to be frivolous as it does not appear to have been filed in a timely manner. Plaintiff asserts that in January of 2005, some eight and a half years before this lawsuit was filed, he had a formal hearing before defendants Rowland and Owens in Mount Vernon, Illinois, and was denied a driving permit due to a prior DUI conviction. He does not allege any recent, or current activities, or any cognizable basis for this cause of action.

Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that –
>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added).  "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  As used in the *in forma pauperis* statute, the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*.  This provision, which currently is part of the Prison Litigation Reform Act, applies not only to cases brought by prisoners, but to cases brought by all indigent litigants.  *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997); *see also Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002).  The statute:

> is designed to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11.  To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Neitzke*, 490 U.S. at 327.  Where frivolous allegations cannot be remedied through more specific pleading, a court may dismiss them with prejudice.  *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *see also Gladney*, 302 F.3d at 775 ("a suit dismissed on the ground that it is frivolous normally cannot be refiled"); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (per curiam) (recognizing that the Supreme Court, in *Denton*, noted the possibility that dismissals under the *in forma pauperis* statute on the ground of frivolousness could be with prejudice).

In this case, the Court **FINDS** that plaintiff's claim is frivolous, and therefore subject to dismissal.  Although the loss of driving privileges is not insignificant, the 2005 actions of the defendant, even if they independently formed the basis for a cause of action, are simply filed too late to give rise to a viable federal cause of action.   Accordingly, the Court **DENIES** plaintiff's motion to proceed in forma paupers, finds plaintiff's cause of action to be frivolous and it is,

therefore, **DISMISSED** with prejudice.

All other pending motions are **DENIED.**

**IT IS SO ORDERED.**

**DATE: 11 December, 2013**

**/s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**